**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**Civil Case No. 1:11cv259**
**[Criminal Case No. 1:08cr103]**

| | | |
|---|---|---|
| **LORENZO KENYON MASON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **UNITED STATED OF AMERICA,** | ) | |
| | ) | |
| **Respondent.)** | | |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

**PROCEDURAL HISTORY**

On October 8, 2008, the Petitioner was charged in three-count Bill of Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1), possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). [Criminal Case No. 1:08cr103, Doc. 1].

On December 1, 2008, the Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to possession of a firearm during and in relation to a drug trafficking crime in exchange for a dismissal of the other two counts of the Indictment. [Id., Doc. 11]. On December 4, 2008, the Petitioner appeared before Magistrate Judge Dennis Howell and pled guilty to Count Three of the Bill of Indictment. Judge Howell engaged the Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Id.,Doc. 12]. During that colloquy, the Petitioner affirmed under oath that he understood the elements of the offense to which he was pleading guilty as well as the maximum penalties he faced and that he was, in fact, guilty of Count Three. [Id.]. The Petitioner also acknowledged that he understood how the Sentencing Guidelines applied to his case, he knew that he might receive a sentence that was either higher or lower than that called for by the Guidelines, and even if his sentence was more severe than expected, he would nevertheless be bound by his plea and have no right to withdraw it. The Petitioner affirmed that he was waiving his right to a jury trial and to confront the witnesses against him, he was waiving his right to challenge either his conviction or sentence on direct appeal and in a post-conviction proceeding, except for claims of ineffective assistance of counsel, prosecutorial misconduct and "the

sentence, but only to the extent defendant contests the sentence on the basis that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be such an unusual nature as to require review by the Fourth Circuit Court of Appeals." [Id., Doc. 11 at ¶19]. The Petitioner affirmed that no one had forced him to plead guilty and that he was satisfied with the services of his attorney. The Court accepted the Petitioner's guilty plea, finding that it was knowingly and voluntarily made and that the Petitioner understood the charges, potential penalties and consequences of the plea. Judge Howell concluded that the Petitioner's plea was knowingly and voluntarily made and accepted his plea of guilty.

In preparation for sentencing, the Probation Office submitted a Presentence Report ["PSR"]. The Probation Officer recommended that the Petitioner qualified for a career offender enhancement pursuant to United States Sentencing Guideline §4B1.1(c)(3).[1] The Petitioner objected to the

---

[1]In the Plea Agreement, the Petitioner stipulated that "[n]otwithstanding any recommendations in the Plea Agreement as to the offense level, if the Probation Office determines from the defendant's criminal history that U.S.S.G. § 4B1.1 (Career Offender) applies, that provision may be used in determining the sentence. Should a statutory minimum sentence apply, the Court shall impose a sentence no lower than

PSR because the Probation Officer cited a prior North Carolina conviction for conspiracy to discharge a weapon into an occupied property as a predicate crime of violence in support of a career offender enhancement. [Id., Doc. 23 at 3-6]. At the sentencing hearing held on June 2, 2009, the Honorable Lacy Thornburg, who has since retired, sustained the Petitioner's objection to being sentenced as a career offender on the basis of that prior North Carolina conviction and sentenced the Petitioner to a term of imprisonment of 60 months. [Id., at 8; Doc. 19].

On July 2, 2009, the Government filed a Notice of Appeal arguing that the sentencing Court erred in failing to apply the career offender enhancement. [Id., Doc. No. ]. On August 23, 2010, the United States Court of Appeals for the Fourth Circuit held that the sentencing Court committed error by not applying the enhancement and vacated and remanded the case for a new sentencing.[2] United States v. Mason, 392 F. App'x 171 (4th Cir. 2010).

The Petitioner's second sentencing hearing was held on January 21, 2011, at which time the Court considered his Motion for a Downward Departure on the ground that his criminal history was overstated. [Id., Doc.

_____

that statutory minimum." [Id., Doc. 11 at 2].

[2]The case was then reassigned to the undersigned.

34]. During that hearing, the Petitioner's attorney argued that a downward departure pursuant to U.S.S.G. §4A1.3(b)(3)(A) was appropriate to reduce the Petitioner's criminal history by one level. [Id., Doc. 44 at 9-11]. The Court considered the request for a departure but denied it. [Id. at 18]. The Court then sentenced the Petitioner to 262 months, a sentence at the low end of the applicable guideline range. [Id.]. The Court concluded by explaining to the Petitioner his appeal rights and reminded him that he had entered into a plea agreement with the Government containing waivers which substantially affected his appeal rights. [Id. at 22]. The Judgment of Conviction in a Criminal Case was entered on January 27, 2011. [Id., Doc. 35].

The Petitioner appealed his sentence arguing that the sentencing Court erred by improperly treating the Sentencing Guidelines as mandatory. [Appeal 11-4174, Doc. 22]. The Government moved to dismiss the appeal because the Petitioner had waived his right to appeal, except for exceptions which did not apply. [Id., Doc. 30]. On August 25, 2011, the Fourth Circuit dismissed the appeal. [Criminal Case No. 1:08cr103, Doc. 48].

On October 3, 2011, the Petitioner filed this action arguing that: (1) this Court abused its authority because it treated the Sentencing Guidelines as mandatory; (2) the Court imposed an illegal sentence because there was insufficient evidence to prove that he was a career offender (3) the Court

5

erred when it sentenced him to 262 months without giving him the opportunity to withdraw his guilty plea; and (4) the Court violated his right to due process by enhancing his sentence for a crime which should not have been used for a career offender enhancement.

**DISCUSSION**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id. This Court has carefully reviewed the Petitioner's motion as well as the record below and finds that the Petitioner is not entitled to any relief on his claims.

Each of the Petitioner's claims is based an argument that this Court committed as error in sentencing. In his Plea Agreement, however, the Petitioner specifically waived his right to collaterally attack his sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct, neither of which has been raised here. He also waived his right to collaterally attack his sentence unless one or more findings of the Court on guideline issues was inconsistent with explicit stipulations contained in the

plea agreement or an unanticipated issue arose during sentencing which the

Court certified to be so unusual as to require review by the Fourth Circuit.

Neither of these events occurred at the sentencing hearing conducted by this

Court.

> [T]he right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary.
>
> ...
>
> A defendant's solemn declarations in open court affirming [a plea] agreement ... carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. Thus, in the absence of exceptional circumstances, allegations in a §2255 motion that directly contradict the petitioner's sworn statements made during a properly conduct Rule 11 colloquy are always palpably incredible and patently frivolous or false. Thus, in the absence of extraordinary circumstances [which are not present here], the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any §2255 motion that necessarily relies on allegations that contradict the sworn statements.

United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal

quotations and citations omitted).

District During the Rule 11 hearing, the Petitioner swore under oath that he

understood and accepted these waivers of his right to collaterally attack his

sentence. United States v. Hoke, __ F. App'x __, 2011 WL 3562961 (4th Cir.

2011) (sworn statements during Rule 11 hearing conclusively established as true). Indeed, the Magistrate Judge and this Court found the Petitioner's guilty plea to be knowing and voluntary. United States v. Jackson, 423 F. App'x 339 (4th Cir.2011) (defendant's statement during Rule 11 hearing strong evidence of voluntary plea); United States v. Mahar, __ F. App'x __, 2011 WL 2679121 (4th Cir. 2011). The Petitioner's claims regarding his sentence do not fall within the scope of the exceptions to the post-conviction waivers and he has not alleged any defect therein. The Court finds that the waiver provision is valid and enforceable and stands as an absolute bar to the Petitioner's attempts to collaterally attack his sentence. Indeed, the Fourth Circuit so held when it granted the Government's motion to dismiss the Petitioner's direct appeal based on the waiver provision contained in the plea agreement.

The Court has reviewed and considered the motion, the attached exhibits, if any, as well as the record of prior proceedings and finds that it plainly appears that the Petitioner is not entitled to any relief. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)

(citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

## ORDER

__**IT IS, THEREFORE ORDERED**__ that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DENIED** and this action is hereby **DISMISSED**.

Signed: October 22, 2011

Martin Reidinger
United States District Judge