# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11-cv-00259-MR
# [CRIMINAL CASE NO. 1:08-cr-00103-MR]

| | |
|---|---|
| LORENZO KENYON MASON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Petitioner's "Motion under 28 U.S.C. § 1651 or Motion under Rule 60(b)6" [Doc. 4].

## I. PROCEDURAL BACKGROUND

On October 8, 2008, the Petitioner was charged in three-count Bill of Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). [Criminal Case No. 1:08-cr-00103-MR, Doc. 1]. On December 1, 2008, the Petitioner entered into a plea agreement with the Government in which he

agreed to plead guilty to possession of a firearm during and in relation to a drug trafficking crime in exchange for a dismissal of the other two counts of the Indictment. [Id., Doc. 11]. The Petitioner was sentenced on June 2, 2009 to a term of imprisonment of 60 months. [Id., Doc. 19].

The Government appealed, arguing that the Court had erred in failing to apply the career offender enhancement. [Id., Doc. 22]. On August 23, 2010, the United States Court of Appeals for the Fourth Circuit vacated and remanded the case for a new sentencing. United States v. Mason, 392 F. App'x 171 (4th Cir. 2010).

The Petitioner's second sentencing hearing was held on January 21, 2011, at which time the Petitioner was sentenced to a term of 262 months' imprisonment. [Id., Doc. 35]. The Petitioner appealed his sentence. [Id., Doc. 22]. On August 25, 2011, the Fourth Circuit dismissed the appeal. [Id., Doc. 48].

On October 3, 2011, the Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing that: (1) this Court abused its authority because it treated the Sentencing Guidelines as mandatory; (2) the Court imposed an illegal sentence because there was insufficient evidence to prove that he was a career offender (3) the Court erred when it sentenced

him to 262 months without giving him the opportunity to withdraw his guilty plea; and (4) the Court violated his right to due process by enhancing his sentence for a crime which should not have been used for a career offender enhancement. [Doc. 1]. On October 24, 2011, the Court denied the Petitioner's motion on the grounds that the Petitioner had waived his right to collaterally attack his sentence in his plea agreement. [Doc. 2]. The Petitioner did not appeal the Court's Order.

The Petitioner filed the present motion on December 26, 2013, seeking relief under the All Writs Act, 28 U.S.C. § 1651, and Rule 60(b) of the Federal Rules of Civil Procedure. [Doc. 4].

## II.  ANALYSIS

### A.  Motion under 28 U.S.C. § 1651

As noted, Petitioner filed his motion pursuant to the All Writs Act, 28 U.S.C. § 1651. Petitioner has not specified what type of common law writ he seeks to bring, i.e., a writ of error *coram nobis* or a writ of *audita querela*. Petitioner, however, may not obtain relief under either writ.

First, a writ of error *coram nobis* is limited to petitioners who are no longer in custody pursuant to their convictions. See Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012), cert. denied, 133 S.Ct. 2853 (2013).

Because Petitioner is still in custody he may not attack his criminal judgment through this writ.

Second, it is well settled that a petitioner may not obtain relief through a writ of *audita querela* when other avenues of relief are available, such as a motion to vacate under 28 U.S.C. § 2255. United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). The Court notes that Petitioner has previously filed a Section 2255 petition, which was denied. Petitioner may not use the writs of error *coram nobis* and *audita querela* to avoid the statutory rules on successive petitions. See Coleman v. United States, No. 3:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007), aff'd, 274 F. App'x 340 (4th Cir. 2008). For these reasons, Petitioner's motion pursuant to § 1651 must be dismissed.

### B. Motion under Rule 60(b)(6)

The relief that the Petitioner is seeking in his Rule 60(b) motion is identical to the relief he could obtain through a successful Section 2255 proceeding. Accordingly, the Court will treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b)

4

motion, is in substance a successive habeas petitioner and should be treated accordingly."); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

As noted previously, a petitioner must obtain permission from the appropriate court of appeals before he may file a second motion under § 2255. 28 U.S.C. § 2255(h). Because Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, the Court concludes that it is without jurisdiction to consider the merits of the present motion. Petitioner's Rule 60(b) motion, therefore, will also be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion under 28 U.S.C. § 1651 or Motion under Rule 60(b)6" [Doc. 4] is **DISMISSED** as an unauthorized, successive Section 2255 motion.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** Signed: January 17, 2014

Martin Reidinger
United States District Judge